## COMMONWEALTH vs. AUSTIN C. STOWELL.

It is not necessary that there should be gaming or betting, in order to render the game of bowls or nine pins an unlawful game, in the cases mentioned in the Rev. Sts. c. 50, § 17.

By the Rev. Sts. c. 50, § 17, a person, not licensed as an innholder, &c., who for hire, gain or reward, suffers persons, from time to time, to resort to a house, &c., by him used or occupied, for the purpose of playing at any unlawful game, does not commit a single continuing offence, but several distinct offences, and is liable to a penalty for each of them.

In an indictment on the Rev. Sts. c. 50, § 17, for suffering persons to resort to a house &c., for the purpose of playing at an unlawful game, it is sufficient to allege that the defendant did, for hire, gain and reward, permit persons to resort, &c., for the purpose of playing at a certain unlawful game mentioned, without alleging that persons actually did resort there for the purpose of playing, or did there play, at any unlawful game.

A defendant, who is found guilty, on the trial of an indictment, is not entitled to a new trial on the ground that a juror was taken from the panel, on the erroneous supposition that there was good cause to challenge him, and another juror substituted, if the defendant did not object at the time.

IN an indictment against the defendant, the first count alleged that he, at Springfield, on the 30th of December 1844, " not being then and there licensed as an innholder, victualler, or retailer of spiritous liquors, for hire, gain and reward, unlawfully did suffer certain persons, whose names to the jurors are unknown, to resort to a certain building there situate, and by said Stowell then and there actually used and occupied, for the purpose of playing at bowls and nine pins, the same being then and there an unlawful game, against the peace," &c. There were four other counts in the indictment, which charged the defendant, in the same terms, with committing a like offence on the 1st, 4th and 11th of January 1845, and on the 8th of February 1845.

At the trial in the court of common pleas, before *Washburn*, J. the district attorney suggested that Chester B. Chappell, a juror from the town of Springfield, should leave the jurors' seat, because said town was interested in the cause, inasmuch as the fine, if any, to which the defendant was liable, would go to the use of the town. The defendant's counsel replied that he was willing to waive any objection to said juror; but said Chappell left his seat, and another juror was sworn and served in his stead; no objection to this course being then suggested by the defendant.

The defendant contended, and asked the court to rule, 1st, that the indictment, though containing five counts, set out only one offence, and that if the jury deemed him guilty, they should find him so only on one count, and not guilty on the others; and 2d, that the indictment did not describe any offence; the game of bowls or nine pins not being an unlawful game, unless accompanied by gaming or betting. The judge declined so to rule, and the jury found the defendant guilty on the first two counts. The district attorney then entered a *nol. pros.* as to the other counts.

The defendant alleged exceptions, and also moved in arrest of judgment, on the ground that Chappell should not have left the jury. This motion was overruled, and further exceptions were alleged by the defendant.

*Ashmun,* for the defendant. All parties, at the trial, mistook

the law as to Chappell's competency to sit as a juror in this case ; overlooking the Rev. Sts. *c.* 95, § 28, which take away the cause of challenge which was supposed to exist.   The defendant had a right to be tried by the panel, as alphabetically arranged.   Rev. Sts. *c.* 95, §§ 20 – 23.

The Rev. Sts. *c.* 50, § 17, on which the indictment is founded, prohibit the keeping of a building, &c., for the purpose of playing at billiards, &c., and the suffering of persons to resort to it for that purpose.   The offence, of which the defendant is found guilty, was a single, continuing offence, and should have been alleged to have been committed on divers days, &c.

The indictment is bad for want of an allegation that persons resorted to the defendant's building, and resorted there for the purpose of gaming, or that they actually played there at the game of bowls or ninepins.   This is a case in which it is not sufficient to use the words of the statute only.   See Davis Just. 536.   *Commonwealth* v. *Thurlow,* 24 Pick. 374.   *Commonwealth* v. *Pray,* 13 Pick. 362.

*Porter,* (District Attorney,) for the Commonwealth.   This indictment, in each count, is like that in *Commonwealth* v. *Goding,* 3 Met. 130, to the form of which no objection was taken.   And that case decides that the charge against the present defendant is within the second prohibition of the Rev. Sts. *c.* 50, § 17.   See also *Tanner* v. *Trustees of Albion,* 5 Hill, 121.   This section describes two offences : 1st, the keeping of tables for the purpose of playing at billiards, &c. ; and 2d, the suffering of persons to resort, &c., for the purpose of playing, &c.   However it may be as to the first offence there described, the second is not a continuing offence ; for the words are, that " for every such offence " the person so offending shall forfeit, &c.

It is true that, by the Rev. Sts. *c.* 95, § 28, the juror who withdrew from the panel was not subject to challenge.   Whatever might have been the defendant's rights at this time, if the juror had been set aside upon challenge, he cannot now object that there has been a mistrial.   He has waived such objection, by not insisting upon it at the trial.   Rev. Sts. *c.* 95,

§ 30.   *Fox* v. *Hazelton*, 10 Pick. 278.   *Jeffries* v. *Randall*, 14 Mass. 205.   *Page* v. *Inhabitants of Danvers*, 7 Met. 326, and cases there cited.

DEWEY, J.   The case of *Commonwealth* v. *Goding*, 3 Met. 130, is a decisive authority to show that the game of bowls is an unlawful game, within the provisions of the Rev. Sts. *c*. 50, § 17.   The next question raised is, whether it be competent to charge the defendant for two distinct offences, under that statute.   If the offence charged was the keeping, in his dwelling-house, of tables for the purpose of playing at billiards — which is the offence first described in this section — the argument that this was one continuing offence, and not susceptible of a division, or properly chargeable as distinct offences, would deserve consideration.   But the case before us does not present that question.   The statute provides that, " if any person, not licensed as an innholder, victualler, or retailer of spiritous liquors, shall keep, or suffer to be kept, in any house, building, yard, garden or dependency thereof, by him actually used or occupied, any tables for the purpose of playing at billiards, for hire, gain or reward, *or* shall, for hire, gain or reward, suffer any person to resort to the same for the purpose of playing at billiards, or any other unlawful game, every person so offending shall, for every such offence, forfeit," &c. It is this latter offence, and not the act of keeping a house or place for playing at billiards, &c., which is the subject of the present indictment.   The offence here charged is not a continuing offence.   It consists in permitting persons, for hire and reward, to resort to a building used by the defendant, for the purpose, on their part, of playing at bowls.   This offence may be repeated from day to day, and in connexion with different individuals, and of course may be the subject of distinct indictments, or distinct counts in the same indictment. Such being the nature of the offence, it is properly charged on a single day certain, and not on divers days and times.

It is then objected to the sufficiency of this indictment, that it does not allege that the persons, who resorted to the building used by the defendant, actually played there at the

game of bowls.   But the statute offence is complete, if they were permitted by the defendant to resort to a building by him used for the purpose of playing at bowls.   The indictment is, we think, sufficient in this respect.

It is further objected to the indictment, that it does not allege that any persons resorted to the building of the defendant for the purpose of playing at bowls.   This objection arises upon the collocation of the words "for the purpose of playing at bowls."   These words, alleging the purpose, &c., are supposed by the counsel for the defendant to be solely applicable to the building, and introduced to define the character of the house, and not the purpose for which the visitors resorted to the house.   This, as it seems to us, is an erroneous reading of the indictment.   The allegation of "the purpose of playing at bowls" seems more directly to be applied to the persons who resorted to the house.   The allegation is, that the building was actually used and occupied by the defendant, and that, while it was thus occupied and used, he, for hire and reward, permitted certain persons to resort thereto for the purpose of playing at bowls.   The language is reasonably certain and brings the case within the statute.

A new trial is also moved for, on the ground of certain alleged improper proceedings in the empannelling of the jury for the trial of the cause.   Under the impression that any one of the panel, who might be an inhabitant of Springfield, would be incompetent to serve as a juror in this case, the district attorney suggested that it might be proper that Chester B. Chappell should withdraw from the jury.   This was assented to by the presiding judge, and no objection was taken by the defendant.   The ground now taken is, that Chappell was competent, under the provisions of the Rev. Sts. c. 95, § 28, and ought therefore to have been retained on the jury.   Supposing such to be the fact, yet we perceive no ground for a new trial for this cause.   The defendant was conusant of the withdrawing of the juror, and made no objections to it.   If he would avail himself of the right to the service of any person as a juror, or rely upon an objection to an individual being

·placed on the jury for the trial of his cause, he must take the objection, if he has an opportunity so to do, before the case proceeds to trial and a verdict is rendered.    This opportunity he fully had in the present case, and by not presenting his objection, he waived all right to take it after verdict.

Without considering how far it is competent for the presiding judge to interpose in the arrangement of the panel of jurors, and to excuse any member thereof from serving, we are all clearly of opinion that the acquiescence of the defendant in the proceedings in the present case estops him from raising any objection on this ground.    Rev. Sts. *c.* 95, § 30.    *Fox* v. *Hazelton,* 10 Pick. 278.

· *Exceptions overruled.*